IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MAMADOU DIALLO, #196435250, ) | |
| #A77-477-380, ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | 3:06-CV-2155-N |
| ) | ECF |
| ALBERTO GONZALES, et al., ) | |
|     Respondents. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

    Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

    Type of Case: This is a *pro se* petition for habeas corpus relief filed by a detainee of the Bureau of Immigration and Customs Enforcement (ICE) pursuant to 28 U.S.C. § 2241, et seq.

    Parties: Petitioner is presently confined at the Rolling Plains Detention Center in Haskell, Texas. Respondents are Attorney General Alberto Gonzales, ICE Post Order Detention Director John Sourkaris, ICE Detention and Field Operations Director Nuria Prendes, and Warden Jill Watson. The Court issued process in this case.

    Statement of Case: Petitioner, a citizen of Guinea, entered the United States on a student visa, but later sopped attending school. (Respondents' Resp. at 1). On April 4, 2006, ICE placed him in its custody, after he was released from state custody on charges of public intoxication and criminal trespass. (*Id.*) Following the issuance of a Notice to Appear, an

immigration judge ordered him removed from the United States.  (*Id.* at 2).  Petitioner appealed to the Board of Immigration Appeals (BIA).  (*Id.*).

In this habeas action, filed during the pendency of the BIA's appeal, Petitioner challenged his continued detention under *Zadvydas v. Davis*, 533 U.S. 678 (2001).

In response to this Court's order to show cause, Respondents filed a response to the habeas corpus petition.  Petitioner did not file a reply.

<u>Findings and Conclusions</u>:  At the time of filing this action, Petitioner remained in ICE custody pursuant to 8 U.S.C. § 1226 (pre-final order detention), awaiting disposition of his BIA appeal from the immigration judge's decision denying him relief and ordering his removal.  (*See* Respondent's Resp. at 2-3).  On January 22, 2007, the BIA affirmed the IJ's decision. Thereafter, Petitioner filed a petition of review, which is currently pending before the Fifth Circuit Court of Appeals.  *See Diallo v. Gonzales*, No. 07-60068 (petition for review filed Jan. 29, 2007, with attached copy of BIA's decision).

The BIA's decision requires the Court to examine whether it has jurisdiction over the instant action.  *See* Fed. R. Civ. P. 12(h)(3) (stating that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action").  "Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.' "  *United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 395 (1980).

Petitioner's removal case became administratively final on January 22, 2007, when the

2

BIA affirmed the IJ's decision.[1]  As a result, Petitioner is no longer subjected to pre-final order detention on the basis of 8 U.S.C. § 1226(c).  His detention is now governed by 8 U.S.C. § 1231.  Since Petitioner is no longer in pre-final order detention, his only ground for habeas relief is now moot and this Court no longer has jurisdiction to consider his petition.  *Andrade v. Gonzales*, 459 F.3d 538, *542 -544 (5th Cir. 2006) (holding that petitioner, whose removal case became administratively final after he challenged his pre-final order detention, could no longer state a claim for relief under § 1226(c)).

     Even  liberally construing the petition to raise a claim challenging his post-order removal detention under § 1231, his claim is premature.  Petitioner cannot show that he has been in post-order removal detention for at least six months from the date his removal order became final.  *See Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 and n. 3 (11th Cir. 2002) (six-month period following date on which order of removal became final must have elapsed before the filing of habeas petition challenging confinement under *Zadvydas v. Davis*, 533 U.S. 678 (2001)).

---

[1]    8 C.F.R. §§ 1003.39 ("Except when certified to the Board, the decision of the Immigration Judge becomes final upon waiver of appeal or upon expiration of the time to appeal if no appeal is taken whichever occurs first.").

RECOMMENDATION:

For the foregoing reasons, it is recommended that any claims under 8 U.S.C. § 1226(c) be DISMISSED for want of jurisdiction the same being moot, and that any claims under 8 U.S.C. §§ 1231 be DISMISSED as premature.

A copy of this recommendation shall be mailed to Petitioner and counsel for Respondents.

Signed this 5th day of March, 2007.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.